UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO CATALINI and IOANA CATALINI, his wife,<br><br>**Plaintiffs,**<br><br>v.<br><br>GLEASON CONSUMER PRODUCTS CO, MILWAUKEE TRUCK DIVISION, MILWAUKEE HAND TRUCKS, THE HOME DEPOT, ABC ENTITY 1-5 (Fictitious), and XYZ ENTITY 1-10 (Fictitious),<br><br>**Defendants.** | Civ. No. 12-1248 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants Gleason Consumer Products Company, Milwaukee Hand Truck Division, and Milwaukee Hand Trucks (the "Gleason Defendants") motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiffs Angelo and Ioana Catalini oppose the motion. For the reasons set forth below, the Gleason Defendants' motion is **DENIED**.

   **I.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

---

[1] As this is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the Court will view the facts and consider the documentary submissions in a light most favorable to Plaintiff. *See One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F.Supp. 317, 322 (D.N.J. 1997); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992).

1

For purposes of the present motion, the Court notes the following:  Plaintiff Angelo Catalini ("Plaintiff") claims that his hand was injured when the wheel of a Milwaukee-brand hand truck (the "Hand Truck") exploded as he was inflating it on January 27, 2010.  (Def.'s Br. 2, ECF No. 28-3.)  Gleason Industrial Products, Inc. ("Gleason Industrial") is the manufacturer of that Hand Truck.[2]

On January 5, 2012, Plaintiffs commenced this products liability action[3] in state court.  On January 13, 2012, the Gleason Defendants[4] removed this action to district court on the basis of diversity.   Thereafter, the Gleason Defendants filed the present motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

The following additional facts bear on that motion.  Mr. Catalini purchased the Hand Truck from Defendant Home Depot's retail store located in Paramus, New Jersey on January 20, 2010.  At that time, Gleason Industrial would ship Milwaukee brand hand trucks to a Home Depot-owned distribution center located in Breinigsville, Pennsylvania (the "Distribution Center").  Gleason Industrial understood the Distribution Center would ship the hand trucks to be sold at Home Depot retail stores in New York, New Jersey, Pennsylvania, and Delaware.  (Cert.

---

[2] Defendant "Milwaukee Truck Division" and "Milwaukee Hand Trucks" are a Gleason Industrial trade name and brand name, respectively.  (Aff. of Howard Simon ¶ 4, ECF No. 28-4.)

[3] Plaintiff Angelo Catalini seeks relief under New Jersey's Products Liability Law, N.J.S.A. § 2A:58C-1, *et. seq*. Plaintiff Ioana Catalini, Mr. Catalini's wife, asserts a claim for loss of consortium.

[4] Defendant Gleason Consumer Products Company ("Gleason Products") is a Delaware corporation which manufactures law and garden tools.  Gleason Industrial is a related entity which is incorporated in Wisconsin.  Both Gleason Products and Gleason Industrial's principal place of business is California.  However, in light of the arguments presented by the Gleason Defendants in support of the present motion, any further distinction among the Gleason entities is unnecessary.

of Keith O. Evans, Ex. A, Answer to Special Interrogatory No. 3, ECF No. 31-1; Aff. of Howard Simon ¶¶ 12, 13, ECF No. 28-4.)

In the twelve months prior Mr. Catalini's accident in January, 2010, Gleason Industrial shipped 34,960 hand trucks to the Pennsylvania Distribution Center to be distributed to Home Depot retail stores in Pennsylvania, Delaware, New York, and New Jersey.  (Evans Cert., Ex. A, No. 3.)  It is unknown how many of these hand trucks were sold in the 67 Home Depot retail locations in New Jersey.  (*Id*. at Nos. 3, 6.)  Gleason Industrial also directly shipped 332 hand trucks to New Jersey Home Depot retail stores located in Brick, Vauxhall, and Phillipsburg.  (*Id*. at No. 3.)

That being said, the Gleason Defendants are neither incorporated, nor do any of them have a principal place of business, in New Jersey.  They have no offices, sales representatives, or employees in New Jersey.  And the Gleason Defendants own no New Jersey real estate, nor do they pay taxes or advertise in this state.  Aff. of Howard Simon ¶¶ 2-11.)  And it is on this basis that the Gleason Defendants assert that the Court lacks personal jurisdiction over them.[5]

## II. DISCUSSION

The burden of demonstrating facts that establish personal jurisdiction falls on the plaintiff.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir.

---

[5] The Court wishes to emphasize that the Gleason Defendants – including Defendant Gleason Consumer Products Co. – have collectively filed one motion to dismiss, and that motion provides no meaningful distinction between the various Gleason entities which would support dismissal of one individual entity over another.

2009). "[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998). First, the Court applies the relevant long-arm statute of the forum state to determine if it permits the exercise of jurisdiction. *Id.* Second, the Court applies the principles of the Due Process Clause of the Constitution. *Id.* In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process. *See* N.J. Court. R. 4:4-4(c); *DeJames v. Magnificence Carriers*, Inc., 654 F.2d 280, 284 (3d Cir. 1981). Personal jurisdiction under the Due Process Clause requires a plaintiff to show that a defendant has purposefully directed its activities toward the residents of the forum state, or otherwise "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

    A party is subject to the personal jurisdiction of a court through either general or specific jurisdiction. *See J. Mcintyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2789 (2011). In this case, Plaintiff asserts that this Court has personal jurisdiction over the Gleason Defendants on the basis of specific jurisdiction because the plaintiff's cause of action arises out of the defendant's contacts with

the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

In order for specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Second, for jurisdiction to be exercised, the Court must determine, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A. Minimum Contacts

The issue of minimum contacts is a fact sensitive inquiry that turns on the "quality and nature of a defendant's activity [in relation to the forum state.]" *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 203 (3d Cir.1998) (citation omitted). Here, Plaintiffs rely on the stream-of-commerce theory as a basis for assertion of personal jurisdiction over the nonresident Gleason Defendants. Under that theory, a forum state may exercise personal jurisdiction over a nonresident defendant that delivered its goods, albeit indirectly, into the state and either derived a substantial benefit or had a reasonable expectation of deriving such a benefit. *Pennzoil Prods. Co.*, 149 F.3d at 203; *see also Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460, 477 (1986).

The United States Supreme Court discussed the stream-of-commerce theory in *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987). Writing for a plurality of four, Justice O'Connor concluded that the mere placement of a product into the stream of commerce with an awareness that it may end up in a specific state is not enough to establish minimum contacts; minimum contacts must instead have some basis in a defendant's purposeful availment of the privilege of conducting activities in the forum state. *Id*. at 112 (plurality opinion). Thus, some "additional conduct" that "may indicate an intent or purpose to serve the market in the forum State" is required before personal jurisdiction may be exercised over a defendant under the stream-of-commerce theory. *Id*. at 111-12. Types of "additional conduct" needed to establish purposeful availment include, "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id*. at 112. *See also Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 281 (3d Cir. 1994) (discussing the scope of "stream of commerce" jurisdiction in light of *Asahi*).

When applying the above standard to the facts in this case, it is clear that the Gleason Defendants purposefully availed themselves of the privilege of conducting business in New Jersey. <u>First</u>, it is undisputed that the Gleason Defendants are the

manufacturer of the Hand Truck which is responsible for Mr. Catalini's claimed injuries.

Second, it is undisputed that in the 12 months prior to January 2010 – the month when Mr. Catalini's sustained those injuries – the Gleason Defendants were responsible for shipping over 34,000 similar hand trucks directly to Home Depot with the understanding that those hand trucks would be sold in Home Depots located in only four states, including New Jersey.  In addition, in that time period, the Gleason Defendants shipped over 330 Milwaukee Hand Trucks directly to three Home Depots retail locations in New Jersey.  Although the Gleason Defendants argue otherwise, this is not a scenario that is factually similar to *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011).  In *Nicastro*, the Supreme Court found that New Jersey lacked personal jurisdiction over a foreign manufacturer who, through an intermediate seller, sold four machines in the United States, one of which ended up in New Jersey, and who otherwise had no affiliation with this state.  *Id*. at 2786.

Third, Plaintiff Angelo Catalini purchased the Hand Truck from a Home Depot located in New Jersey, and suffered injuries in this state.  Thus, Plaintiff's cause of action arises out of the Gleason Defendants' contacts with this state.

In light of these facts, Plaintiffs have met their burden of demonstrating facts which show that the Court has personal jurisdiction over the Gleason Defendants.

*See, e.g., Negron v. Oxford Airport Technical Services*, Civ. No. 09-330, 2009 WL 1249288, at *6 (E.D. Pa. May 6, 2009) (personal jurisdiction over foreign manufacturer where it delivered its product to Washington, DC and that product eventually caused injuries in Pennsylvania, because manufacturer was aware that its products would be used in Pennsylvania and evinced its intent to serve the Pennsylvania market by shipping 2,277 products directly into Pennsylvania over a nine-month period, even though that manufacturer's total sales to Pennsylvania over the prior ten-year period comprised an average of 0.2% of its total revenue); *A.V. Imports, Inc. v. Col De Fratta, S.p.A.*, 171 F. Supp. 2d 369, 372 (D.N.J. 2001) (purposeful availment where defendant imported its product knowing it would be sold by a New Jersey company); *Synergy v. Manama Textile Mills, W.L.L.*, No. 06-4129, 2008 WL 6839033 (D.N.J. Feb. 19, 2008) (purposeful availment where defendant directly shipped samples into New Jersey, and sent paperwork into New Jersey confirming that it had met certain contractual obligations).

### B. Traditional Notions of Fair Play and Substantial Justice

And because Plaintiffs have established the requisite minimum contacts, the Court must now analyze whether the exercise of personal jurisdiction is reasonable, meaning that it does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *see also Burger King*, 471 U.S. at 477. At this stage, the burden shifts to the Gleason Defendants to present "a

compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Mellon Bank (East) PSFS*, 960 F.2d 1217, 1223 (3d Cir. 1992). In determining the reasonableness of a specific forum, the Court should consider the burden on the Gleason Defendants in light of other factors, including:

> the forum state's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's right to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and the shared interest of the several states in furthering fundamental substantive social policies.
>
> *Burger King*, 471 U.S. at 477.

In this case, the Gleason Defendants have failed to present any compelling arguments showing why the exercise of jurisdiction over them would be unreasonable. This is unsurprising in light of the simple facts of this matter, which are as follows: the Gleason Defendants shipped their hand trucks knowing they would end either up in New Jersey, or in one of three other states which directly border it. And as a result, Mr. Catalini purchased one of those hand trucks in New Jersey and was injured while using it in this state. On these facts, requiring the Gleason Defendants to defend this action in New Jersey does not offend traditional notions of fair play and justice. *See Negron*, 2009 WL 1249288, at *6 (E.D. Pa. May 6, 2009) ("In the absence of any argument from [defendant] that the exercise

of personal jurisdiction is unreasonable, the court finds it fair and just because: (1) plaintiffs have a strong interest in litigating their claims in a convenient, local forum; (2) it would be inefficient for the court, burdensome to plaintiffs and possibly unfair to the other defendants for plaintiffs to file separate actions in Pennsylvania and Minnesota for claims arising from the same accident; (3) Pennsylvania has an interest in adjudicating claims arising from injuries caused by defective products imported into the state; and (4) Pennsylvania and Minnesota share an interest in compensating persons injured by unreasonably dangerous products.")

### III. CONCLUSION

In sum, because the Plaintiffs have established facts supporting personal jurisdiction over the Gleason Defendants, and the Court further finds that the exercise of jurisdiction over the Gleason Defendants is reasonable, their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction will be **DENIED**. An appropriate order follows.

                                            /s/William J. Martini  
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 28, 2013.**